UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA A. CARRILLO,<br><br>        Plaintiff,<br><br>  v.<br><br>LUIS I. ALDERETE,<br><br>        Defendant. | No. 2:17-cv-01522-GEB-AC<br><br>***SUA SPONTE* REMAND ORDER** |

      Defendant, proceeding in propria persona, filed a Notice of Removal on July 21, 2017, removing this unlawful detainer action from the Superior Court of California in the County of Sacramento. Notice of Removal ("NOR") 1, ECF No. 1. However, this case will be remanded to the Superior Court of California because the federal court lacks subject matter jurisdiction over this case.

      "There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The court may — indeed must — remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." GFD, LLC v. Carter, No. CV 12-08985 MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing Kelton Arms Condo. Owners Ass'n v. Homestead Ins.

1

1 | Co., 346 F.3d 1190, 1192 (9th Cir. 2003)).

2 | Defendant contends in the Notice of Removal that diversity of citizenship of the parties in this case justifies removal. NOR at 7. The pertinent part of the diversity of citizenship statute prescribes in 28 U.S.C. § 1332: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and the action is between "citizens of different States . . . ."

Plaintiff alleges in the Complaint that the "[a]mount demanded does not exceed $10,000." NOR at 2. When a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, a removing defendant has the "burden of proof . . . to establish the amount in controversy [under] the preponderance of the evidence standard." Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013). Defendant does not challenge the amount Plaintiff alleges is in controversy. Nor has Defendant demonstrated that the parties are citizens of different States.

Therefore, this case is remanded to the Superior Court of California in the County of Sacramento.

IT IS SO ORDERED.

Dated: July 25, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2